# Roberts v. Pennsylvania Loan & Trust Company, Appellant.

*Wages—Assignment of wages—Usury—Equity.*

Where an assignment of future wages is made at a time when a usurious loan is contracted, such assignment, after the loan with legal interest has been paid or tendered in full, will be set aside and canceled by a court of equity.

Argued April 16, 1909. Appeal, No. 86, April T., 1909, by defendants, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1907, No. 141, in bill in equity in case of George T. Roberts v. Pennsylvania Loan & Trust Company, T. A. Gordon and E. A. Porter. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Bill in equity to cancel an assignment of wages.

YOUNG, J., filed the following opinion:

This is a bill to rescind and cancel a certain assignment of salary and wages, executed and delivered by plaintiff to defendants.

### FINDINGS OF FACT.

1. On December 9, 1905, the plaintiff made an application to the Pennsylvania Loan & Trust Company, one of the de-

fendants then located at No. 404 Smithfield street in the city of Pittsburg, for a loan of $230, the negotiations for the loan being conducted by the plaintiff with T. A. Gordon, one of the defendants, who was manager of the loan company, and the loan was negotiated for by plaintiff with defendants upon a pledge of the household furniture of the plaintiff as security.

2. The plaintiff executed and delivered a note for $318, as security for the payment of $230, loaned by defendants to plaintiff, and which was to be repaid in monthly installments of $26.50 upon the fifteenth day of each month, beginning on January 15, 1906.

3. At the time the plaintiff signed the note, he made an assignment in writing of such wages as he might be entitled to as an employee of the Pennsylvania Railroad Company.

4. On December 9, 1905, at the time plaintiff made the note for $318, and made the assignment of his wages, he received from the defendant company the sum of $230, $118 of which was at that time applied to the payment of the balance of a loan which the plaintiff had previously, upon May 16, 1905, obtained from the defendant company, thus leaving for plaintiff the sum of $112 in cash.

5. Beginning on January 15, 1906, about one month after the loan was made, the plaintiff paid monthly the sum of $26.50 to the loan company, until he had paid the sum of $238.50, or $8.50 more than he had received from the defendants.

6. In October, 1906, when plaintiff applied for his wages owing him by the Pennsylvania Railroad Company as an employee, he was informed by that company that his wages for the month of October would be withheld by that company because of a notice received from one E. A. Porter, one of the defendants, who held an assignment in writing of plaintiff's wages, and had notified the railroad company that he would claim the wages when due. He subsequently learned that his wages for the month of November, 1906, were withheld by the railroad company because of a notice of like tenor and character with the first, and there is now withheld by the railroad company from the plaintiff the sum of $100 upon said notices.

7. Plaintiff has tendered to the defendants the sum of $5.80

in full of the balance of his loan and interest from its date, which tender has been refused by the defendants and a demand made of $74.00 in addition.

8. The most that defendants could be entitled to, if the loan was made December 9, 1905, for the period of one year, would be the sum of $230, with interest at the legal rate, which would entitle the defendants to receive $243.80. The plaintiff, having paid the sum of $238.50, or within $5.30 of the whole amount that defendants would be entitled to, and having tendered the sum of $5.80, would be entitled to have his note returned to him, having paid his debt in full.

### CONCLUSION OF LAW.

The plaintiff, having paid his debt in full, is entitled to have his note and pledge and assignment of wages returned to him, upon the payment of $5.80, the amount heretofore tendered, and the defendants are to be restrained from further seeking to collect the wages of the plaintiff from the Pennsylvania Railroad Company, the cost of this case to be paid by defendants.

### DISCUSSION.

The evidence in this case clearly satisfies us that the contract was a usurious one. The defendants attempted upon a loan of $230 to collect from plaintiff the sum of $318 in twelve monthly payments of $26.50 each, beginning one month after the loan was granted. The evidence shows that there was at least the sum of $64.20 of usurious interest included in this note. The defendants attempted to justify this upon the ground that they were charges and not interest, but there is no evidence of any services that would justify any such charge. The case of Strohen v. Savings Fund and Loan Assn., 115 Pa. 273, is a complete answer to any such attempt. There, the court said:

"It is indeed wholly immaterial under what form or pretense usury is concealed. If it can by any means be discovered, our courts will refuse to enforce its payment."

There is no difficulty in this case in discovering the usury; the defendants have been more than paid the amount loaned by them and interest for the time for which the money was kept

by the plaintiff. Clearly under the evidence the note, pledge and assignment of wages should be redelivered to the plaintiff, the sum having been completely paid.

*Error assigned* was decree canceling the assignment.

*J. D. Hern,* for appellants.

*E. W. Arthur,* for appellee.

PER CURIAM, May 21, 1909:
The decree is affirmed at the costs of the appellants upon the opinion of the court below.